**RECORD NO. 12-5040**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAVID PLAYER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA, AT COLUMBIA

The Honorable Cameron McGowan Currie, U.S. District Judge

**OPENING BRIEF OF APPELLANT
DAVID PLAYER**

W. Michael Duncan
AUSTIN & ROGERS, P.A.
Congaree Building
P.O. Box 11716 (29211)
508 Hampton Street, Suite 300
Columbia, South Carolina 29201
(803) 256-4000 Telephone
wmduncan@AustinRogersPA.com

*Counsel for Appellant*　　　　　　　　　　　　　　June 7, 2013

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

JURISDICTION..........................................................................................................1

STATEMENT OF ISSUES .......................................................................................1

STATEMENT OF THE CASE...................................................................................2

STATEMENT OF FACTS .........................................................................................3

SUMMARY OF ARGUMENT ..................................................................................5

ARGUMENT ..............................................................................................................6

STANDARD OF REVIEW ........................................................................................6

I. THE SENTENCE OF 168 MONTHS VIOLATES 18 U.S.C. § 3553(a).......6

  A. The 168 month sentence is excessive considering all applicable factors required by the statute .............................................................6

  B. The disparate sentences imposed on the same day to Mr. Player and Gerald Hardin violates Section 3553(a)(6) ..................................9

CONCLUSION.........................................................................................................12

CERTIFICATE OF COMPLIANCE........................................................................14

CERTIFICATE OF SERVICE .................................................................................15

# TABLE OF AUTHORITIES

## CASES

<u>Gall v. United States</u>,
   552 U.S. 38 (2007)..................................................................................6

<u>United States v. Ellis</u>,
   975 F.2d 1061 (4th Cir. 1992) ...............................................................9

<u>United States v. Pyles</u>,
   482 F.3d 282 (4th Cir. 2007) .................................................................9

## STATUTES

18 U.S.C. § 1341 ............................................................................................2

18 U.S.C. § 1342 ............................................................................................2

18 U.S.C. § 1957 ............................................................................................2

18 U.S.C. § 3553 ............................................................................................1

18 U.S.C. § 3742 ............................................................................................1

18 U.S.C. § 3553(a) ................................................................................6, 8, 9

18 U.S.C. § 3553(a)(6) ..................................................................................9

28 U.S.C. § 1291 ............................................................................................1

## UNITED STATES SENTENCING GUIDELINES

USSG 5K2.2 ...................................................................................................7

## JURISDICTION

This appeal arises from the criminal prosecution of Appellant David Inman Player in the United States District Court for the District of South Carolina, Columbia Division. The District Court had original jurisdiction in this criminal case. Appellant Player pled guilty to Count One of the Third Superseding Indictment on September 13, 2012.

On December 17, 2012, the District Court entered a Judgment against Mr. Player sentencing him to a total of one hundred sixty-eight (168) months in prison. Mr. Player timely appealed the lower Court's Judgment. This Court has jurisdiction to review the District Court's Judgment pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

Sentencing issues – Did the District Court commit reversible error in sentencing David Player to 168 months in violation of 18 U.S.C. § 3553? The sentencing issues can be categorized as follows:

- a. Did the District Court abuse its discretion in imposing a sentence that was sixty (60) months in excess of the high end of the applicable advisory sentencing guideline range as set forth in the presentence investigation report ("PSI Report")?

1

b. Did the District Court abuse its discretion in imposing a sentence that was nearly eleven (11) years more than that imposed on the co-Defendant Gerald Hardin for similar conduct?

## STATEMENT OF THE CASE

Appellant David Inman Player was initially indicted with a co-Defendant, Gerald Hardin, on May 1, 2012 on charges of Mail Fraud in violation of 18 U.S.C. § 1341 and § 2. Ultimately, Mr. Player was charged alone in a Third Superseding Indictment which added six counts of engaging in unlawful monetary transactions in violation of 18 U.S.C. § 1957. Appellant entered into a written Plea Agreement in which he agreed to plea guilty to Count 1 of the Third Superseding Indictment. He entered a plea to Count 1 (Mail Fraud) on September 13, 2012. Appellant was found to have violated the condition of his bond which prohibited him from having any contact with the victim in this case and his bond was revoked following a hearing on September 17, 2012.

Following the preparation of a PSI Report, the Court held a sentencing hearing for Mr. Player on December 14, 2012. At sentencing, Mr. Player's objections to the PSI Report were overruled and his request for a non-

guidelines sentence was also denied. Mr. Player was sentenced to 168 months in custody. This appeal followed.

## STATEMENT OF FACTS

David Player was born on March 17, 1954. He has lived in Sumter, South Carolina for most of his life. His mother Betty Foster is alive and Mr. Player maintains a good relationship with his mother. (Joint Appendix Sealed, hereinafter "JAS", Vol. II at 296). Mr. Player has one adult son Chance Player, age 32, who lives in Aiken, South Carolina and is employed at the Savannah River Site (JAS, Vol. II at 296).

Mr. Player had a long relationship with the "victim" Michael Weaver in this case. Mr. Player held a Power of Attorney for Weaver and was also approved as Weaver's representative payee for purposes of handling his Supplemental Security Income (SSI) checks (JAS, Vol. II at 273). Mr. Player had thus assisted Mr. Weaver with his business affairs for many years prior to the incident that led to this Federal Court case.

Mr. Player did not have any criminal history points for purposes of the sentencing guidelines. His most recent criminal conviction before this case occurred in 1989 (JAS, Vol. II at 290-293). The Probation Officer prepared a PSI Report with an offense level of 29 and a criminal history category of I; the advisory guideline range as set forth in the PSI Report was thus 87-108

months. The Government sought an upward departure from the applicable guideline range for the reasons set forth in a written Memorandum (Joint Appendix, hereinafter "JA", Vol. I at 229-258). Appellant's counsel set forth arguments requesting a downward departure or a non-guidelines sentence lower than the 87-108 month sentence as provided in the advisory guidelines (JA, Vol. I at 145-152.)

Mr. Player admitted his role in the scheme to defraud The Harford Insurance Company by cutting off Michael Weaver's left hand. However, Player denied being present when Mr. Weaver's hand was actually cut off (JA Vol. I at 56-58).  It is undisputed that Appellant's co-Defendant Gerald Hardin was operating the saw that dismembered Michael Weaver's left hand.  Mr. Player acknowledged at his plea hearing that he had received the vast majority (eighty percent) of the proceeds received from The Hartford Insurance Company (JA, Vol. I at 71-73).

Following Player's plea hearing on September 13, 2012, he was found to have violated his bond on September 14, 2012.  At a bond revocation hearing held on September 17, 2012, FBI Agent Ron Grosse testified that he seized $270,000 cash from Michael Weaver on September 14th. Agent Grosse further testified that Weaver told Grosse that he had gotten the $270,000 from David Player the night before (JA Vol. I, at 105-114). As a

4

result of the circumstances surrounding the seizure of the $270,000, Player's bond was revoked on September 17, 2012 (JA Vol. I, at 136-138). The contact between Player and Weaver and Player's alleged involvement with the $270,000 cash following his plea hearing also led to an enhancement for obstruction of justice being charged to Mr. Player at his sentencing (JAS, Vol. II at 295). That enhancement was included in the PSI Report which resulted in an adjusted offense level of 29 (JAS, Vol. II at 295).

At sentencing, the Government moved for an upward departure which the Court granted in part. The Court ruled that a four level departure to offense level 33 would be appropriate. The applicable guideline range at offense level 33 was 135-168 months. (JA, Vol. I at 199). The Court imposed a sentence of 168 months.

## SUMMARY OF ARGUMENT

The District Court abused its discretion in imposing a 168 month sentence in this case where the advisory guideline sentencing range set forth in the PSI Report was 87-108 months. In its Statement of Reasons, the Court stated that the basis for granting the Government's motion for an upward departure was due to the aggravating circumstances involved in the physical injury suffered by the victim. The injury suffered by victim Michael Weaver was the same injury that occurred in the case against co-Defendant Gerald

5

Hardin and the Court sentenced him to forty-one (41) months in prison. The Court's significant disparate sentence for the two defendants convicted in this case constitutes an abuse of discretion and should result in Mr. Player's case being remanded by this Court for resentencing.

## ARGUMENT

## STANDARD OF REVIEW

The standard of review for sentencing errors is an abuse of discretion standard as set forth in Gall v. United States, 552 U.S. 38 (2007).

**I. THE SENTENCE OF 168 MONTHS VIOLATES 18 U.S.C. SECTION 3553(a).**

**A. The 168 month sentence is excessive considering all applicable factors required by the statute.**

The probation officer prepared a lengthy PSI Report in this case. In that thirty-four (34) page PSI Report, the facts and circumstances of David Player's case were thoroughly discussed. Several objections were filed to the PSI Report on behalf of Mr. Player and the probation officer responded to the objections in a six page Addendum to the PSI Report. The Court overruled all of the Defendant's objections to the PSI Report. The PSI Report was thus adopted by the Court and an advisory guideline

6

range of 87-108 months was the applicable range before the Court considered any motions for upward or downward departure.

The Government sought an upward departure based on Sentencing Guideline provision 5K2.2 (Physical Injury). The Court granted the Government's Motion in part and decided that a four level increase in the sentencing guidelines was appropriate. That determination yielded an advisory guideline of 135-168 moths. The Court then sentenced Mr. Player at the top of the adjusted guideline range, imposing a sentence of 168 months.

Appellant's counsel does not question the severity of the injury suffered by Michael Weaver. However, counsel respectfully submits that the sentence enhancement to Mr. Player for the physical injury to Weaver is misplaced. The charge to which Mr. Player plead guilty was mail fraud. An insurance company (The Hartford) quickly paid a homeowners' insurance claim to the tune of $375,000. That is the charge set forth in Count One of the Superseding Indictment to which Mr. Player plead guilty. The claim from May 2008 that was paid by The Hartford in early July 2008 turned out to be a fraudulent claim. The base offense level for that mail fraud claim based on the amount of loss (together with other associated claims that The Hartford also

7

paid, the loss totaled $671,000) was 21. Mr. Player was in Criminal History Category I and the sentencing guideline range at that level is 37-46 months. Notably, co-Defendant Gerald Hardin was sentenced to 41 months in prison for his role in the mail fraud just minutes after David Player received a 168 month sentence.

The Court stated near the end of its decision at sentencing that "even if I had ruled for you on all of your objections to the pre-sentence report as far as the guideline calculations and even if I had denied the Government's motion for upward departure, I would have imposed the same sentence under the 3553(a) factors." (JA, Vol. I at 213). Appellant's counsel appreciates the Court's candor in making that statement but strongly disagrees with the Court's application of the 3553(a) factors. As set forth in the Defendant's Sentencing Memorandum and Request for Downward Variance, Defendant submits that the 3553(a) factors should result in at worst a sentence within the original guideline range of 87-108 months. David Player is a 58 year old man who had last been convicted of a crime in 1989. He had been a law abiding citizen for nearly twenty years prior to the offense that led to this Federal Court charge. Mr. Player has been a loving father to his son and a devoted son to his mother. The Court

8

agreed that Mr. Player had substantial family support and that he seemed to have a good family. (JA, Vol. I at 210). However, the Court did not find that family support sufficient to influence its sentencing decision. Considering all the sentencing factors set forth in Section 3553(a), particularly (a)(1) as to the history and characteristics of the defendant, the fourteen year sentence imposed is excessive. Appellant respectfully requests that his sentence be overturned and remanded for resentencing pursuant to 18 U.S.C. Section 3553(a).

**B. The disparate sentences imposed on the same day to Mr. Player and Gerald Hardin violates Section 3553(a)(6).**

> There is Fourth Circuit case law that holds that absent proof of prosecutorial misconduct, "a district court may not depart downward based upon the disparity of sentences among co-defendants." United States v. Ellis, 975 F.2d 1061 (4th Cir. 1992); United States v. Pyles, 482 F.3d 282 (4th Cir. 2007). However, Section 3553(a)(6) clearly states that a factor to consider at sentencing is "the need to avoid unwarranted sentencing disparities." District Courts face this challenge every day and do an admirable job of dealing with this issue. Counsel has seen the District Judge in the Player case deftly

9

handle the potential problem of disparate sentences in a multitude of cases involving many Defendants.

In the Player case, counsel respectfully submits that the Court erred in sentencing two similarly situated Defendants in such a disparate fashion. It is undisputed that the 41 month sentence imposed on Gerald Hardin and the 168 month sentence imposed on Player are disparate; the issue is only whether the disparity is unwarranted. The District Court stated that "it is not an unwarranted sentencing disparity based on the status of the case at the time, the value of his cooperation to the case" (speaking of Hardin's assistance to the Government) (JA, Vol. I at 211). The Court goes on to say that she finds a drastic difference in the level of involvement of the two Defendants despite the fact that Hardin actually used the pole saw to sever the victim's limb. (JA, Vol. I at 211). The Court further specifically found that Player was much more involved and that Hardin received very little in the way of benefit from the crime (JA, Vol. I at 211).

Appellant respectfully disagrees with the District Court's finding that the sentencing disparity is not unwarranted. The

District Court ascribes a greater degree of involvement in the <u>physical injury</u> of Mr. Weaver to David Player. This seems to be due to the undisputed fact that Mr. Player received the bulk of the insurance proceeds from his own homeowners' insurance policy. The problem is that the District Court's sentencing improperly combines the receipt of proceeds from the mail fraud and the physical injury. The physical injury to Weaver was directly caused by Gerald Hardin. The District Court discounted Hardin's <u>direct</u> involvement as the proximate cause of the severing of Weaver's hand because Hardin received only a pittance from the proceeds of the homeowners' insurance claim. Conversely, the Court enhanced Player's sentence based on the physical injury to Weaver in large measure due to his receipt of the vast majority of the insurance proceeds. That reasoning improperly discounts Player's relative lack of direct involvement in the physical injury to Weaver's hand.

    The Government allowed Gerald Hardin to plead to a charge which had a maximum sentence of sixty (60) months. The Government also made a motion for downward departure for Hardin based on his substantial assistance in the prosecution

of Mr. Player. Those prosecutorial decisions resulted in a 41 month sentence for Mr. Hardin. Appellant respectfully submits that the harm for which he received a fourteen (14) year sentence was directly caused by Mr. Hardin. An eleven year disparity in the sentences of the Appellant and Mr. Hardin is not warranted under the facts of this case. Therefore, Appellant requests this Court overturn his 168 month sentence and remand the case for resentencing to correct the unwarranted disparity in sentencing.

## **CONCLUSION**

For the reasons set forth more fully above, Appellant requests that this Court overturn the District Court's 168 month sentence and remand the case for resentencing with instructions to avoid the unwarranted sentencing disparity between Appellant and co-Defendant Gerald Hardin. If the arguments set forth in the Brief are not sufficient for this Court to grant the requested relief, counsel for Appellant requests the opportunity to present oral argument to this Court in support of his position.

                Respectfully submitted,

                **AUSTIN & ROGERS, PA**

                <u>/s/ W. Michael Duncan</u>
                W. Michael Duncan (FED ID # 6173)
                508 Hampton Street, Suite 300
                Post Office Box 11716 (29211)
                Columbia, South Carolina 29201
                (O) (803) 256-4000
                (F) (803) 252-3679
                Attorney for Appellant Player

June 7, 2013

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The page count of this brief is <u>13 pages</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using
    <u>Microsoft Word, Times New Roman, 14 point</u>.

June 7, 2013

                                                    /s/ W. Michael Duncan
                                                    W. Michael Duncan (FED ID # 6173)

# **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this June 7, 2013, filed the required copies of the foregoing Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Winston D. Holliday, Jr.
OFFICE OF THE UNITED STATES ATTORNEY
1441 Main Street, Suite 500
Columbia, South Carolina 29201
winston.holliday@usdoj.gov

June 7, 2013

                                                  /s/ W. Michael Duncan
                                                  W. Michael Duncan (FED ID # 6173)